UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

---

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

    v.                                      Case No. _____

SHERRI L. TERNOVAN AND
ALYCIA KAY GAGLIARDI,

    Defendants.

---

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges the following:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Ohio.

2. Defendant, Sherri L. Ternovan ("Sherri") is an adult citizen of Ohio and domiciled in Cuyahoga County, Ohio.

3. Defendant Alycia Kay Gagliardi ("Alycia") is an adult citizen of Arizona and is domiciled in Pima County, Arizona.

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). The Defendants are citizens of Ohio and Arizona.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. Prudential issued life insurance policy number M07342583 ("Policy A") to Larraine Stranca (the "Insured") with a policy date of August 24, 1942, and which provided life insurance coverage on the Insured. *A copy of Policy A is attached hereto as* **Exhibit A**.

8. Prudential issued life insurance policy number 27159040 ("Policy B") to the Insured with a contract date of October 10, 1955, and which provided life insurance coverage on the Insured. *A copy of Policy B is attached hereto as* **Exhibit B.**

9. By Request to Change Beneficiary on Life Insurance Policies form dated February 1, 2005, the Insured designated Sherri as the Primary beneficiary of the Policy A death benefit. *A copy of the Request to Change Beneficiary on Life Insurance Policies dated February 1, 2005 is attached hereto as* **Exhibit C.**

10. By Request to Change Beneficiary on Life Insurance Policies form dated February 1, 2005, the Insured designated Sherri as the Primary beneficiary of the Policy B death benefit. *A copy of the Request to Change Beneficiary on Life Insurance Policies dated February 1, 2005 is attached hereto as* **Exhibit D**.

11. By Request to Change Beneficiary on Life Insurance Policies dated October 15, 2021, the Insured designated Alycia as the Primary beneficiary of the Policy A and Policy B (together, the "Policies") death benefits. *A copy of the Request to Change Beneficiary on Life Insurance Policies dated October 15, 2021 is attached hereto as* **Exhibit E.**

12. Upon information and belief, the Insured died on October 17, 2021.

13. As a result of the death of the Insured, Policy A death benefits in the amount of $8,361.93 ("Policy A Death Benefit") and Policy B death benefits in the amount of $1,838.96 ("Policy B Death Benefit") (together, the "Death Benefits") became due to a beneficiary or beneficiaries.

14. By telephone call to the company on or about November 5, 2021, Alycia asserted a claim to the Death Benefits.

15. On or about November 15, 2021, Prudential issued to Alycia payment in the amount of $8,378.35, representing the Policy A Death Benefit and applicable interest thereon, and payment in the amount of $1,838.96, representing the Policy B Death Benefit and applicable interest thereon.

16. By telephone call to the company on or about December 14, 2021, Sherri alleged that the Insured lacked the necessary capacity to change the Policies' beneficiary at the time of the October 2021 designation naming Alycia.

17. If the October 15, 2021 Request to change Beneficiary on Life Insurance Policies form naming Alycia as beneficiary is determined to be legally void by the Court, then the Death Benefits would be payable to Sherri as the Policies' immediately prior beneficiary of record.

18. On or about January 6, 2021, a stop payment was issued on the Policy A Death Benefit check sent to Alycia due to the adverse claim to the proceeds submitted by Sherri. *A copy of the letter advising of the stop payment is attached hereto as* **Exhibit F**.

19. The check to Alycia representing the Policy B Death Benefit had already been cashed.

20. As a result of the stopped payment on the Policy A Death Benefit check, there remains due the Policy A Death Benefit and Prudential concedes liability to that effect.

21. By letter dated May 5, 2022, Prudential advised Sherri and Alycia of the company's need to seek interpleader relief due to the competing claims and allowing the adverse claimants 30 days to settle the matter between themselves. *Copies of the letters dated May 5, 2022 are collectively attached hereto as* **Exhibit G.**

22. To date, the Defendants have been unable to reach an agreement as to the distribution of the Death Benefits.

23. There have been no other claims for the Death Benefits.

24. If the Court determines that the October 15, 2021 designation is legally valid, the Policy A Death Benefit would be payable to Alycia as the beneficiary of record thereon.

25. If the Court instead determines that the October 15, 2021, designation is legally void, the Death Benefits would be payable to Sherri, as the Policies' immediately prior beneficiary of record.

26. There have been no other claims to the Death Benefits.

**COUNT ONE**
**AGAINST ALL DEFENDANTS**
**FOR RELIEF IN INTERPLEADER**

27. Prudential repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

28. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Policy A Death Benefit. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

29. Prudential is ready, willing, and able to pay the Policy A Death Benefit, plus applicable interest, if any, in accordance with the terms of Policy A and to whomever this Court shall designate.

30. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and costs of this action) in the Policy A Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

31. Accordingly, pursuant to the Fed. R. Civ. P. Rules 22 and 67 and 28 U.S.C. § 1335 Prudential will deposit into the Court the Policy A Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

32. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants.

33. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

## COUNT TWO
## AGAINST DEFENDANT ALYCIA
## FOR CONSTRUCTIVE TRUST

34. The Company repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

35. On or about November 15, 2021, Prudential issued the payment of the Policy B Death Benefit, and applicable interest thereon, to Alycia in the amount of $1,838.96.

36. By telephone call to the company on or about December 14, 2021, Sherri contested the validity of the October 15, 2021 beneficiary designation naming Alycia as beneficiary to the Policies and asserted a claim to the Death Benefits, as the immediately prior beneficiary of record.

37. As a result of the competing claim to the Death Benefits asserted by Sherri, Prudential was unable to determine factually and legally which of the adverse claims is entitled to the Death Benefits.

38. Accordingly, Prudential thereafter attempted to place a stop payment on Policy B Death Benefit payment to Alycia but was unable to do so.

39. Because the Court may ultimately determine that the October 15, 2021 designation is legally invalid, such that Sherri would remain the sole beneficiary of the Policies, the Court should place a constructive trust over the $1,838.96 distributed by Prudential and received by Alycia in connection with Policy B until such time that the Court renders its determination as to whether the October 15, 2021 beneficiary designation is legally valid.

**WHEREFORE,** Prudential prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefits;

(b) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(c) permitting Prudential to deposit the amount of the Policy A Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d) discharging Prudential from any and all further liability to the Defendants relating in any way to the Policies and/or the Death Benefits upon payment of the Policy A Death Benefit into the Registry of this Court or as otherwise directed by this Court;

6

(e)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policies and/or the Death Benefits;

(f)     placing a constructive trust on the $1,838.96 distributed by Prudential and received by Alycia or, in the alternative, ordering Alycia to deposit the $ 1,838.96 into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(g)     awarding Prudential its attorneys' fees and costs in their entirety; and

(h)     awarding Prudential any other and further relief that this Court deems just and proper.

Dated: September 1, 2022

Respectfully Submitted,

**PEREZ & MORRIS, LLC.**

By: */s/ Kathleen A. Nitschke*

1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Tel: (216) 621-5161
Email: knitschke@perez-morris.com

*Counsel for Plaintiff, The Prudential Life Insurance Company of America*